THE VILLAGE OF SANDY HILL, Appellant, *v.* BENJAMIN AKIN and Another, as Administrators, etc., of REBECCA MILLER, Deceased, Respondents.

*Assessment against the "heirs" of a decedent.*

An assessment for personal property against the "heirs" of a deceased person, without naming them, is void.

APPEAL by the plaintiff, The Village of Sandy Hill, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Washington on the 20th day of October, 1893, upon a decision of the court rendered after a trial at the Washington Circuit, dismissing the plaintiff's complaint upon the merits and for costs.

The complaint in this action alleged:

"II. That Rebecca Miller was at and immediately previous to her death a resident of the village of Sandy Hill aforesaid, and died on or about the 22d day of January, 1892, being at the time of her death the owner and possessor of a large amount of taxable personal property, and leaving a last will and testament which was, on or about June, 1892, duly admitted to probate by the Surrogate's Court of Washington county, and that letters of administration with said will annexed were thereupon duly issued by said Surrogate's Court to the defendants herein, and that said defendants thereupon duly qualified as such administrators and entered upon the duties of their said office.

"III. That during the whole of the year 1892 there were three duly qualified assessors of said village; that in or about May, 1892, said assessors duly assessed the personal property of said Rebecca Miller, deceased, at $82,992; * * *

"IV. That on or about the 2d day of August, 1892, the board of trustees of said village duly prepared a tax roll for a special tax and annexed thereto a warrant as prescribed by law, and which was duly signed and countersigned; that said tax roll and warrant were, on or about August 2, 1892, duly delivered to the duly qualified collector of said village; that the taxes included in said tax roll were based on the assessment as made by the assessors as aforesaid;

that the tax in said tax roll against said personal property of said Rebecca Miller, deceased, was $63.62 ; that said collector, on May 19, 1893, duly returned as wholly uncollected and unpaid the said tax of $63.62, and by said return it duly appeared that said collector was unable to collect said tax ; that no part of said tax has been paid.

" V. That thirty days have elapsed since the date of the return of each of said tax warrants.

" VI. That the defendant Allen resides, and since the death of said Miller has resided, in said village of Sandy Hill; that the said personal property of said Rebecca Miller, deceased, has continually since her death been in said village."

On the trial plaintiff read in evidence plaintiff's tax list and warrant dated August 2, 1892. So much thereof as is material was as follows:

| Names of person or corporation. | Description of property. | Street. | Valuation real estate. | Valuation personal property. | Aggregate valuation. | Property tax. |
|---|---|---|---|---|---|---|
| Miller, Rebecca, heirs. | .... | .... | .. | .... | $80,000 | $80,000 | $61 36 |
| Miller, Rebecca, Nat. B'k stock...... .... | .... | .... | .. | .... | 2,992 | 2,992 | 2 30 |

*D. J. Sullivan,* for the appellant.

*G. M. Ingalsbe* and *A. D. Wait,* for the respondents.

HERRICK, J.:

The judgment in this case should be affirmed. The assessment for personal property against the heirs of a person deceased, without naming them, is void. It does not follow the statute. (*Cruger* v. *Dougherty,* 43 N. Y. 107 ; *Trowbridge* v. *Horan,* 78 id. 439 ; *Cromwell* v. *MacLean,* 123 id. 474.)

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.